Case 21-12188-PDR    Doc 194    Filed 05/23/22    Page 1 of 9



**ORDERED in the Southern District of Florida on May 23, 2022.**



**Peter D. Russin, Judge**
**United States Bankruptcy Court**

_____

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

In re:

No Rust Rebar, Inc.,

    Debtor.

_____/

Case No. 21-12188-PDR

Chapter 11

## ORDER GRANTING IN PART GREEN TECH'S MOTION FOR SANCTIONS

The Court set Green Tech Development, LLC's *Motion for Removal of Debtor as Debtor in Possession* and *Motion to Convert Chapter 11 Case to Chapter 7* for an evidentiary hearing beginning on December 8, 2021.[1] Green Tech sought to obtain discovery from Debtor's principal, Don Smith, individually and entities related to the Debtor and owned by Smith (collectively, the "Smith Entities").[2] Neither Smith nor

---

[1] (Docs. 70; 86; 116; 141).

[2] (Docs. 94–97).

the Smith Entities filed any motions for protection from Green Tech's discovery, and failed to respond to the subpoena or timely produce any documents.

When Green Tech asked for the responsive discovery, Smith referred it to his and the Smith Entities' accountant. The Accountant only produced documents from the Debtor, not from Smith or the Smith Entities. When Green Tech examined the Accountant, he testified he was not in possession of the documents responsive to the subpoena and that those records had always remained with Smith.[3]

On November 17, 2021, Green Tech filed its *Emergency Motion to Compel* ("Motion to Compel"), seeking to compel Smith and the Smith Entities to produce responsive documents, in particular "the production of the source documents in either original or [digital] format and all electronic information, including but not limited to [accounting] data for [the Debtor] and the Smith Entities, previously subpoenaed and not provided."[4] Following a hearing on November 22, 2021, the Court granted the Motion to Compel compelling Smith and the Smith Entities to produce "the subpoenaed documents and [accounting] data in native format no later than … November 23, 2021."[5] Smith produced some documents but allegedly failed to produce substantially all of the responsive documents; the full extent of that production is immaterial to this inquiry.[6]

---

[3] (Docs. 110; 115).

[4] (Docs. 110; 115).

[5] (Doc. 124; 169).

[6] (Doc. 163-1).

On December 6, 2021, Green Tech filed its first *Motion for Sanctions* against Smith, seeking the fees and costs associated with his failure to provide the required documents (the "First Motion"). The Court heard the First Motion together with the Evidentiary Hearing on the related matters on December 8, 2021, December 21, 2021, January 4, 2022, and January 10, 2022, and set a final hearing on sanctions for January 12, 2022.[7] Prior to the January 12, 2022 hearing, Green Tech filed a *Supplemental Motion for Sanctions* (the "Second Motion"), which lists twenty-six categories of documents that Smith and the Smith Entities failed to produce.[8] Following the hearing on January 12, 2022, Green Tech filed a second supplement attaching some of the documents Smith produced after the Motion to Compel was granted and addressing their insufficiency, and a *Third Motion for Sanctions* (the "Third Motion").[9] In addition to attorneys' fees and costs, Green Tech seeks to preclude Smith's testimony and the Debtor's exhibits as selectively "self-serving" and prejudicial.[10] Smith opposes the relief.[11]

## Jurisdiction and Venue

The Court has subject matter jurisdiction under U.S.C. § 1334(b) and statutory authority to hear and determine this proceeding under 28 U.S.C. § 157(a) & (b)(2), and the United States District Court for the Southern District of Florida's General

---

[7] (Docs. 160; 162; 170; 188).

[8] (Doc. 161).

[9] (Docs. 167 & 168).

[10] (Doc. 162 at 13:8–20).

[11] (Doc. 163).

Order of Reference.[12] The Court has constitutional authority to enter final orders in this core proceeding. Venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Analysis

Green Tech seeks two types of sanctions: (1) fees and costs associated with Green Tech's Motion to Compel and Motions for Sanctions and (2) the preclusion of "self-serving" testimony and evidence offered by Smith and the Debtor.

**I.      Green Tech is entitled to fees and costs.**

Sanctions relating to discovery violations are governed by Fed. R. Bankr. P. 7037, which applies Fed. R. Civ. P. 37 to contested bankruptcy matters. Under Rule 37(a)(5)(A), if a motion to compel is granted or if the requested discovery is only provided after the motion to compel was filed, "the court must . . . require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See, e.g.*, *Goldberg v. Merrill Lynch & Co., Inc. (In re Jet Network, LLC)*, No. 10-02701-BKC-RAM, 2012 WL 2998610, at *9 (Bankr. S.D. Fla. July 23, 2012). There are only three exceptions to the requirement to grant prevailing party fees under such circumstances:

(i)   the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii) other circumstances make the award of expenses unjust.

---

[12] *See* S.D. Fla. Local Rule 87.2(a).

Fed. R. Civ. P. 37(a)(5)(A)(i)–(iii).

Smith argues that he provided the documents requested in the Motion to Compel on November 22 and 23, 2021. Green Tech filed its Motion to Compel, which the Court granted, on November 17, 2021. Even if Smith provided satisfactory discovery, his production occurred "after the motion was filed." Under Rule 37(a)(5)(A), fees and costs for Green Tech are not just warranted, but required, unless Smith can satisfy one of the three delineated exceptions.

Smith's primary arguments against sanctions under Rule 37 are that (1) Green Tech's list of twenty-six categories of discovery which lack satisfactory responses is overinclusive and includes items Green Tech had not previously identified as unproduced; (2) Green Tech failed to satisfactorily meet and confer in good faith with respect to the motion for sanctions; and (3) Smith did not have personal counsel until after the Court granted the motion to compel. These arguments fail to satisfy any of the three exceptions.

Though Smith is correct that Green Tech's list of twenty-six items included in the Second Motion includes more items than those previously specifically identified in the Motion to Compel or the First Motion, they were all requested in the subpoenas of each of the Smith Entities. According to the Motion to Compel and Green Tech's statements at the hearing on it, neither Smith nor the Smith Entities had—at the time the Motion to Compel was filed—provided any responses.

The Court's *Order Granting Amended Emergency Motion to Compel* states, in relevant part, that Smith, on behalf of the Smith Entities, must "produce the

subpoenaed documents and [accounting] data in native format."[13] Smith and the Smith Entities failed to respond to the subpoena until after Green Tech filed the Motion to Compel, which the Court granted. Once the Court granted the Motion to Compel as to the entire subpoena (because Smith admittedly had produced nothing at that time), sanctions became warranted as to Smith's failure to respond to the *entire* subpoena. Whether Smith may have produced some of those documents after the Motion to Compel was filed is immaterial. Green Tech is entitled to sanctions unless Smith can explain how one of the three limited exceptions apply to him. The Second Motion containing a list of documents that is allegedly overinclusive does not satisfy any of those criteria. Further, the list is not overinclusive because the Court granted the Motion to Compel as to the entire subpoena.[14]

Smith produced an email chain between his counsel and Green Tech from December 2021 to establish that Green Tech failed to satisfactorily meet and confer in good faith with respect to its sanctions request.[15] Rule 37 proscribes no requirement that Green Tech meet and confer in good faith to address discovery sanctions after the Motion to Compel was granted; at that juncture, sanctions were required unless Smith and the Smith Entities satisfied at least one of the enumerated exceptions. While Green Tech was certainly permitted to attempt to resolve the

---

[13] (Doc. 124).

[14] In addition, Green Tech's piecemeal approach to the sanctions motion, filing not just a Motion to Compel, but then three different sanctions motions addressing substantively different concerns, might bear some weight on the reasonableness of the requested fees and costs. However, the Court makes no determination of the amount of reasonable fees and costs.

[15] (Doc. 163-1).

sanctions issues after the Motion to Compel was granted, Rule 37 simply did not require it to do so.

Though the Court understands that Smith did not have personal counsel, Smith never sought protection or any extensions of time to respond to the subpoena. Instead, he directed Green Tech's concerns to his Accountant, who testified he was not in possession of the requested documents. Smith has offered no explanation for why he could not have, as the principal of the Debtor and the Smith Entities, timely produced the documents himself. Smith's lack of personal counsel neither justifies his nondisclosure nor suggests that an award for fees and costs to Green Tech would be unjust.

The Court finds that (1) Rule 37(a)(5)(A) is satisfied, and (2) Smith and the Smith Entities have failed to satisfy any of the delineated exceptions. Therefore, under Rule 37(a)(5)(A), Smith is required "to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." However, since Rule 37(a)(5)(A) only provides for fees and costs for "making the motion," clearly in reference to the Motion to Compel itself, the Court cannot readily determine whether the fees and costs related to Green Tech's Motions for Sanctions also must be paid by Smith. If Green Tech wishes to receive such fees and costs, it will need to provide the Court with case law in support of that position. Accordingly, the Rule mandates sanctions in the form of Green Tech's reasonable fees and costs for drafting and prosecuting its Motion to Compel.

## II. <u>Green Tech is not entitled to preclusion of discovery or testimony.</u>

Under Fed. R. Civ. P. 37(b)(2)(A) if an opposing party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders." Such orders can prohibit "the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). In its Sanctions Motions, Green Tech argues that Smith's production on November 22 and 23, 2021, were insufficient and prejudiced Green Tech.

Preclusion is unwarranted here for two reasons. First, Green Tech has failed to adequately identify the testimony and exhibits it wishes to preclude, which leaves the Court with the unenviable and impossible task of discerning which of the documents or testimony presented are uniquely prejudicial and deserving of preclusion. Second, even if the Court assumes that Smith's productions did in fact violate the Court's order, the evidentiary hearing established that Green Tech had ample evidence to make its argument. Whether that evidence was obtained from Smith or the Smith Entities or from some other source is immaterial; Green Tech was not severely prejudiced by the lack of production from Smith and the Smith Entities. Accordingly, the Court denies the motion for sanctions as to this request.

Accordingly, the Court **ORDERS**:

1. The *Motions for Sanctions* (Docs. 135, 161, 167, & 168) are **GRANTED IN PART**.

2. Don Smith is **SANCTIONED**. Green Tech is entitled, under Fed. R. Bankr. P. 7037 and Fed. R. Civ. P. 37(a)(5)(A), to its reasonable fees and costs, from Don Smith, associated with drafting and prosecuting the *Emergency Motion to Compel* (Docs. 110 & 115).

3. If Green Tech wishes to receive fees and costs based on its drafting and prosecution of the *Motions for Sanctions*, Green Tech may submit a brief no longer than 5 pages in support of the request within 14 days of the entry of this Order. If Smith disputes Green Tech's request, he may file a response in opposition to Green Tech's brief no longer than 5 pages within 14 days of the service of Green Tech's brief.

4. If Green Tech fails to submit its brief within 14 days of the entry of this Order, or if Green Tech fails to timely seek an extension to do so, Green Tech's request for fees and costs arising from the Motions for Sanctions shall be deemed automatically denied without further order from this Court.

5. The Court makes no determination as to the amount of reasonable fees and costs. Green Tech shall file, within 10 days of the date of this order, a separate motion requesting the specific amount of fees and costs it seeks including time records to support the request. The motion shall then be set for hearing in the ordinary course.

6. The request that the sanctions include preclusion of allegedly self-serving testimony or evidence presented by Smith, the Smith Entities, or the Debtor is denied.

### # # #

*Copies to Stacy Bressler, Esq., who is directed to serve this Order on all interested parties.*