

**ORDERED in the Southern District of Florida on November 30, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

No Rust Rebar, Inc.,    Case No. 21-12188-PDR

    Debtor.    Chapter 7

_____/

### ORDER GRANTING APPELLEE'S MOTION TO STRIKE PORTIONS OF APPELLANTS' DESIGNATION OF RECORD ON APPEAL

This matter is before the Court on the *Motion to Strike 285 Appellant Designation Filed by Trustee Sonya Salkin Slott* (Doc. 297) (the "Motion To Strike"). The dispute concerns an appeal stemming from the Court's order[1] granting Trustee's Motion to Compromise Controversy with Green Tech Development ("Settlement Motion").[2] On August 17, 2022, the Court considered the Settlement Motion and the

---

[1] (Doc. 257).
[2] (Doc. 218).

related Objection filed by Don Smith (the Debtor's principal), Global Energy Sciences, LLC, Raw Energy Materials, Corp. and Yellow Turtle Design, LLC (the "Objecting Parties").[3] The Court entered an Order Granting the Motion to Compromise Controversy on August 23, 2022 followed by a Memorandum Opinion[4] on August 30, 2022. The Objecting Parties then filed a Notice of Appeal on September 6, 2022, and an Appellant Designation of Contents for Inclusion in Record on Appeal (the "Designation" or "Record on Appeal") on September 20, 2022. The Court held a hearing on the Motion on October 27, 2022. The Trustee now moves to strike the following designated items:

| *Lead Case* (Case No. 21-12188-PDR) Document Number | Document Title |
|---|---|
| 224 | Notice of Taking Rule 2004 Examination Duces Tecum of Sonya Salkin Slott, Chapter 7 Trustee and under BR 7030 (filed by Debtor) |
| 225 | Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Development LLC and BR 7030 (filed by Debtor) |
| 230 | Amended Notice of Taking Rule 2004 Examination Duces Tecum of Sonya Salkin Slott and 7030 (filed by Debtor) |
| 239 | Motion to Strike Notice of Examination (filed by Green Tech) |
| 243 | Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Development LLC Joinder (filed by Creditors Global Energy Sciences, LLC, Don Smith, Interested Party Elina Jenkins) |

---

[3] (Doc. 245).
[4] (Doc. 262).

| | |
|---|---|
| 247 | Notice of Filing Transcript of 2004/7030 Examination of Sonya Salkin Slott (filed by Debtor) |
| 249 | Order Granting Motion to Strike Re: # 239 |

| Adversary Proceeding (Case No. 21-01111-PDR) Document Number | Document Title |
|---|---|
| 96 | Notice of Filing Affidavits of Lauren and Ludwig |
| 97 | Affidavit of Don Smith Certification with Exhibits |

**Background**[5]

In January 2015, Don Smith founded No Rust Rebar, Inc. to, ostensibly, manufacture structural reinforcement products that do not rust. No Rust contracted to purchase industrial real estate in Pompano Beach, Florida, but after placing a nonrefundable deposit, did not have the funds necessary to close on the Property. In an attempt to salvage the deal, No Rust agreed to assign its right to purchase the Property to Green Tech Development, LLC. In January 2016, Green Tech bought the Property and No Rust remained in possession. Litigation between the parties ensued with respect to the Debtor's assertion that it had an oral option to purchase the property from Green Tech (the "State Court Litigation"). Years later, on March 5,

---

[5] The Court has detailed the background of this case on numerous occasions and adopts its previous findings for purposes of this ruling. *See* (Doc. 193); *In re No Rust Rebar, Inc.*, 641 B.R. 412 (Bankr. S.D. Fla. 2022); *No Rust Rebar, Inc. v. Green Tech Development, LLC (In re No Rust Rebar, Inc.)*, No. 21-01111-PDR (Doc. 72), 2021 WL 4314221 (Bankr. S.D. Fla. Sept. 22, 2021).

2021, No Rust filed a voluntary Chapter 11 bankruptcy petition in this Court, and No Rust removed the State Court Litigation to this Court. Green Tech also filed a proof of claim.

In May 2022, the bankruptcy case was converted to Chapter 7, and subsequently, the Trustee sought approval by the Court of a settlement with Green Tech which would resolve all issues between them. In response, the Objecting Parties filed their Objection[3] to the Trustee's Settlement Motion.

The Court held a hearing on August 17, 2022, to consider the Trustee's Settlement Motion and the Objection. The Court found that the Settlement complied with Rule 9019, satisfying the standard set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990).

The Court made clear that the standard for approving such a settlement is generally very low, and that the Court is instructed to approve any settlement that does not fall "below the lowest point in the range of reasonableness." *Martin v. Pahiakos (In re Martin),* 490 F.3d 1272, 1275 (11th Cir. 2007).

Both at the hearing and in its Memorandum Opinion, the Court addressed with some particularity the point that "the Court is not expected to hold a 'mini-trial' to determine the merits of each and every claim subject of a disputed settlement, but must simply be convinced that a trustee's judgment is based upon a sound assessment of the situation." *In re Harbour E. Dev., Ltd.*, No. 10-20733-AJC, 2012 WL 1851015, at *1 (Bankr. S.D. Fla. May 21, 2012) (cleaned up).

**Discussion**

The Court must determine whether certain items may be included in the Record on Appeal. Federal Rule of Bankruptcy Procedure 8009 governs the contents of a record on appeal, and Rule 8009(e)(1), requires the Bankruptcy Court to resolve disputes in this regard and provides:

(e) Correcting or Modifying the Record.

(1) *Submitting to the Bankruptcy Court.* If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.

The Trustee argues that *Carmichael v. Blake (In re Imperial Petroleum Recovery Corp.)*, 2022 Lexis 32*, 2022 WL 90607 (Bankr. S.D. Tex. Jan. 7, 2022) limits the Record on Appeal to only those items referenced in Defendant's written Objection and those items upon which the Objection relies. The Court finds this interpretation too narrow. In contrast, the Objecting Parties argue that the record should include any item they wish to designate. The Court finds this interpretation too broad.

While this issue is infrequently litigated, there are several recent cases which address the standards and considerations which apply. As noted, the Trustee relies principally upon *Carmichael*. Appellants filed no written response to the Trustee's motion and cited no opposing case law at the hearing. The Court, however, from its own research has found the analysis in *In Re Digerati Techs., Inc.*, 531 B.R. 654 (Bankr. S.D. Tex. 2015) instructive.

In considering *Carmichael* and *Digerati* it is apparent that the Record on Appeal should not simply include any and all documents that have ever been filed, but rather is narrower in scope, and should comprise only those items which the court was asked to consider (regardless of whether the item was actually considered) or those items which the court did in fact consider. In *Carmichael* the court held that "[Appellants] must establish that the disputed items were presented to the Court for consideration, or that good cause exists for the items' inclusion in the appellate record" and so only items which were presented to the court or for which there is good cause are properly designated. *Carmichael* 2022 Bankr. LEXIS 32 at *11.

Consistent with the "good cause" concept espoused in *Carmichael*, *Digerati* considers two exceptions to the rule that items on the record must have been presented to the court. The first requires a justification for the failure to introduce documents at the hearing; and the second requires a demonstration that the exclusion of an item on appeal would prejudice the party seeking its inclusion. *Digerati*, 531 B.R. 654 at 661. *Digerati* goes on to note however that these exceptions do not apply in cases where an item was simply not on the docket to begin with, or otherwise was not presented to the court for consideration, as opposed to cases where an attorney essentially negligently failed to submit an exhibit, *Id.* at 662.

In this case, the items to which the Trustee objects, were (i) not presented to the Court for consideration, (ii) not mentioned in the Objection, and (iii) not mentioned during the hearing. On these points alone, it seems these items should be stricken from the Designation unless an exception applies.

Before addressing the potential exceptions however, the Court notes that even if these items were presented for consideration, it would have been improper for the Court to consider them where the only basis for their inclusion is the extent to which they may go to the merits of the underlying disputes which were sought to be settled. When considering a settlement under Rule 9019 the law is clear that the merits of the underlying claims and disputes do not need to be proven.[6] To require the Trustee to do so would be contrary to the function of the settlement process, and a settlement should only be denied where it "falls below the lowest point in the range of reasonableness." *Martin v. Pahiakos (In re Martin)*, 490 F.3d 1272, 1275 (11th Cir. 2007).

Here however, certain of the items are even less substantive than documents that may go to the merits of the settled dispute because they are merely docket entries of notices for rule 2004 examination,[7] and worse, the notices were not filed by the Objecting Parties, but by the Debtor after the Court had already determined the Debtor lacked standing.

Other designated items include a joinder to a notice of taking rule 2004 examination filed by the Objecting Parties, but again the joinder was to the notice

---

[6] In evaluating a motion to compromise, a court is not expected to resolve the disputed facts and legal questions raised by the underlying litigation. *Burton v. Ulrich (In re Schmitt)*, 215 B.R. 417, 423 (9th Cir. BAP 1997); *see also United States v. Alaska Nat. Bank of the North (In re Walsh Constr., Inc.)*, 669 F.2d 1325, 1328 (9th Cir. 1982) (in examining a compromise, "[t]he bankruptcy court need not conduct an exhaustive investigation into the validity of the asserted claim[s]."); *Harbour E. Dev. Ltd.*, 2012 Bankr. LEXIS 2250, 2012 WL 1851015 at *1 (holding that the court need not conduct a "mini-trial" on the merits of the contested claims that are being resolved, but rather, the Court need "simply be convinced that a trustee's judgment is based upon a sound assessment of the situation").

[7] (Docs. 224, 225, and 230)

filed by the Debtor, which the Court struck. The Appellants also seek to designate the Motion to Strike Examination Notice (Doc. 239), Notice of Filing Transcript of 2004/7030 Examination of Sonya Salkin Slott (filed by Debtor) (Doc. 247), and an Order Granting the Motion to Strike (Doc. 249); however, these items at best go to discovery on the merits of the underlying dispute ultimately settled.

Finally, with respect to the affidavits which have been designated, the Affidavits of Lauren and Ludwig (Doc. 96) appear to be wholly unrelated to the Green Tech litigation, which was the subject of the Settlement, nor do they touch upon the Trustee's business judgment in relation to the Settlement, and thus they do not warrant inclusion in the Record on Appeal. As for the Affidavit of Don Smith (Doc. 97), while it may relate to the Settlement, the Affidavit goes to the merits of the underlying dispute ultimately settled and is therefore inappropriate for inclusion in the Record on Appeal (even if it had been presented to the Court for consideration in deciding the Trustee's Settlement Motion).

While pleadings do not need to be introduced into evidence to be subsequently designated for appeal, they can only be designated if the bankruptcy court actually considered them in rendering its ruling, or if the item is included for the purpose of arguing that the Bankruptcy Court erred in deciding to exclude it from consideration. *See, e.g., In re Chateaugay Corp.*, 64 B.R. 990, 995 (S.D.N.Y. 1986); *Carmichael* 2022 Bankr. LEXIS 32 at *8.

*Digerati* poses the following questions to determine if an item can be properly included in the Record on Appeal:

1. Were any or all of the items actually admitted into the trial record?
2. Even if the items were not made part of the trial record at the hearing, did the judge consider any of these items in reaching the decision?
3. Even if the judge did not consider any of the items in reaching the decision, has Appellant offered any reason for its failure to introduce these items into the record at the hearing? and
4. Even if Appellant has not offered any reason for its failure to introduce the items into the trial record, have they offered any explanation as to how its appeal is prejudiced if the items are stricken from the Record on Appeal?

*Digerati*, 531 B.R. 654 at 663.

In this case, the items Appellants seek to include in the Record on Appeal were never presented to the Court and the Court did not consider them. None of the items were referenced in the Order, the Memorandum Opinion, the Trustee's Motion, the Objection, nor by the parties at the hearing. Therefore, the Court looks to the third and fourth factors enumerated in *Digirati* to determine if they nevertheless may be designated under an exception. The Appellants did not file a response to the Trustee's Motion to Strike. However, at the hearing a considerable amount of time was spent addressing these questions and Appellant's counsel was unable to articulate any reason why the items were not offered to the Court for consideration.

As to the final question; Counsel did not proffer any specific basis by which the appeal would be prejudiced by the exclusion of these items. Further, because the items were not relied upon by the Court, were not raised by any party for consideration, were not referenced in any way in reaching the ultimate decision on the Trustee's Settlement Motion, and would be inappropriate or irrelevant to the issue of approving or denying the Settlement even had they been properly raised, the

Court can see no basis by which the Appellant will be unduly prejudiced by the striking of these items from the Designation.

## Conclusion

For the reasons stated, Trustee's Motion to Strike (Doc. 297) is hereby **GRANTED**. The following items shall be stricken from Appellant's Designation of the Record on Appeal (Doc. 285):

a. **ECF# 224**: Notice of Taking Rule 2004 Examination Duces Tecum of Sonya Salkin Slott, Chapter 7 Trustee on 8/5/2022 at 10:00 a.m. and under BR7030.

b. **ECF# 225**: Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Development, LLC on 8/15/2022 at 10:00 a.m. and BR 7030.

c. **ECF# 230**: Amended Notice of Taking Rule 2004 Examination Duces Tecum of Sonya Salkin Slott on August 5, 2022 at 10:00 a.m. and 7030.

d. **ECF# 239**: Motion to Strike Notice of Examination.

e. **ECF# 243**: Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Joinder Filed by Creditors Global Energy Sciences, LLC, Don Smith, Interested Party Elina Jenkins.

f. **ECF# 247**: Transcript of 2004/7030 Examination of Sonya Salkin Slott.

g. **ECF# 249**: Order Granting Motion to Strike Re: # 239.

h. **Adversary Proceeding (21-01111-PDR) ECF# 96**: Notice of Filing Affidavits of Laurin and Ludwig.

i. **Adversary Proceeding (21-01111-PDR) ECF# 97**: Affidavit of Don Smith Certification with Exhibits.

# # #

*Copies to Attorney Bonacquisti, who is directed to serve this Order on all interested parties.*