

**ORDERED in the Southern District of Florida on November 30, 2022.**



**Peter D. Russin, Judge
United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

In re:

No Rust Rebar, Inc.,

    Debtor.

_____/

Case No. 21-12188-PDR

Chapter 7

**ORDER GRANTING MOTION TO QUASH SUBPOENA
AND FOR PROTECTIVE ORDER**

On September 22, 2022, non-debtors Don Smith, Global Energy Sciences, LLC, Raw Energy Materials Corp, and Yellow Turtle Design LLC (the "Smith Parties"), filed a *Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Development, LLC.*[1] Green Tech is a creditor of the bankruptcy estate of No Rust Rebar, Inc. The Smith Parties seek information and documents regarding the probate estate of Joan Saperstein, a third party and former principal of Green Tech not

---

[1] (Doc. 288).

otherwise associated with the Debtor or the bankruptcy estate.[2] In response, Green Tech filed a *Motion to Quash Subpoena, in addition to Motion for Protective Order Regarding Notice of Rule 2004 Examination of Green Tech Development, LLC* (the "Motion"),[3] arguing that the discovery sought goes beyond the scope allowed by Rule 2004. The Court held a hearing on the matter on November 3, 2022.

## Background[4]

In January 2015, Don Smith founded No Rust Rebar, Inc. to, ostensibly, manufacture structural reinforcement products that do not rust. No Rust contracted to purchase industrial real estate in Pompano Beach, Florida, but after placing a nonrefundable deposit, did not have the funds necessary to close on the Property. In an attempt to salvage the deal, No Rust agreed to assign its right to purchase the Property to Green Tech. In January 2016, Green Tech bought the Property and No Rust remained in possession. Litigation between the parties ensued with respect to the Debtor's assertion that it had an oral option to purchase the property from Green Tech (the "State Court Litigation"). Years later, on March 5, 2021, No Rust filed a

---

[2] Joan Saperstein formerly held an interest in Green Tech, and following her death, that interest was assigned to Marshall Ives. Don Smith has litigated the issue of whether the assignment was valid in Ms. Saperstein's probate state court case (Saperstein Probate case). (Doc. 308).

[3] (Doc. 308).

[4] The Court has detailed the background of this case on numerous occasions and adopts its previous findings for purposes of this ruling. *See* (Doc. 193); *In re No Rust Rebar, Inc.*, 641 B.R. 412 (Bankr. S.D. Fla. 2022); *No Rust Rebar, Inc. v. Green Tech Development, LLC (In re No Rust Rebar, Inc.)*, No. 21-01111-PDR (Doc. 72), 2021 WL 4314221 (Bankr. S.D. Fla. Sept. 22, 2021).

voluntary Chapter 11 bankruptcy petition in this Court, and No Rust removed the State Court Litigation to this Court.[5] Green Tech also filed a proof of claim.

In May 2022, the bankruptcy case was converted to Chapter 7, and subsequently, the Trustee sought approval by the Court of a settlement with Green Tech which would resolve all issues between them. In response, the Smith Parties filed their Objection[3] to the Trustee's Settlement Motion. The Court held a hearing on August 17, 2022 and found that the Settlement complied with Rule 9019 and approved it.[6] The Smith Parties filed an appeal of the Court's order approving the Settlement but did not seek a stay pending the appeal.[7]

## Discussion

### I.    Scope of Rule 2004 Examinations.

Rule 2004 limits the scope of examination "to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Generally, Rule 2004 examinations are very broad. *In re Pan American Hosp. Corp.*, Nos. 04-11819, 04-11820, 2005 WL 2445907, at *2 (Bankr. S.D. Fla. Feb. 25, 2005). "The purpose of a Rule 2004 examination is to discover the nature and extent of the bankruptcy estate in order to distribute debtor's assets for the benefit of its creditors," so "[l]egitimate goals of Rule 2004 examinations include

---

[5] Green Tech is party to two adversary proceedings related to this bankruptcy, Case Nos. 21-01111-PDR and 21-01112-PDR.

[6] (Docs. 257, 262).

[7] (Doc. 268).

discovering assets, examining transactions, and determining whether wrongdoing has occurred." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 626 (Bankr. D. Del. 2016) (citations omitted). "Numerous courts have acknowledged the rule's broad scope, holding that a Rule 2004 examination can be legitimately in the nature of a 'fishing expedition.'" *In re Pan American*, 2005 WL 2445907, at *2 (citations omitted).

However, examinations under Rule 2004 do have limits. They may not be used for purposes of harassment and cannot stray into matters which are not relevant to the basic inquiry. *Id.* Additionally, "Rule 2004 discovery should not be permitted when it is being used to gain an advantage in private litigation." *In re Defoor Centre, LLC*, 634 B.R. 630, 640 (Bankr. M.D. Fla. 2021); *see also In re Millennium*, 562 B.R. at 626 ("Rule 2004 is not available to creditors seeking to use this section to deal with their special problems.").

Therefore, "the granting of a Rule 2004 examination is dependent on the discretion of the court" which requires a balancing of the competing interests of the parties, weighing the relevance and necessity of the information sought. *In re Millennium*, 562 B.R. at 626 (citations omitted). The party seeking the 2004 discovery bears the burden of proving good cause for it. *In re Defoor Centre*, 634 B.R. at 638; *see also In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985). Good cause can be established by showing that the "discovery is needed to establish a claim or that denial of the Rule 2004 discovery would cause undue hardship or injustice." *In re Defoor Centre*, 634 B.R. at 638.

## II.     The discovery sought is beyond the scope of the rule and the Smith Parties did not show that good cause exists for the discovery.

The Smith Parties' Notice states that the examination relates to matters affecting the administration of Debtor's estate "because there is presented for discovery the issue of who should control (and be authorized to make decisions on behalf of) GTD [(Green Tech)], because, (i) after the death of the late Joan Saperstein, GTD had no remaining membership interests and two equal economic interests (one held by Don Smith and one held by Joan Saperstein's Estate, which may, or may not, properly be held now by Marshall Ives), and (ii) in such circumstances, the governing statutes contemplate the possible appointment of a receiver to control GTD."[8]

Green Tech argues that the discovery sought is not permissible under Rule 2004 because it is not relevant to the administration of the estate since all contested matters involving Green Tech that are relevant to the administration of the estate have been resolved. The adversary proceedings involving Green Tech and any other matter pending in the main bankruptcy case were resolved under the Settlement. Thus, Green Tech argues, "there are no matters in controversy involving Green Tech to be administered by the Trustee for the benefit of the bankruptcy estate."[9]

Green Tech also objects to the discovery on grounds that the notice is harassing and burdensome, because it "is a reminder of the trauma and harassment endured by the grieving family of Joan Saperstein and is clearly a fishing expedition to pursue

---

[8] (Doc. 288).
[9] (Doc. 308).

the Insiders' individual, self-serving search for the next alternative theory of recovery to pursue" in the ongoing Saperstein Probate case.[10]

The Smith Parties did not file a response to the Motion,[11] but argued at the November 3 hearing that the discovery sought is related to the administration of the estate because it would shine light on the issue of Green Tech's corporate governance which could then affect the validity of Green Tech's participation in the Settlement. Essentially, the Smith Parties would potentially seek to unwind the Settlement that they are now appealing, by arguing Green Tech lacked authority to enter into it.

The Court disagrees with the Smith Parties.  The discovery sought is inapposite to a potential collateral attack on the Settlement. Even if the Smith Parties were to uncover from the requested discovery useful information regarding the corporate governance issue, that would only lead to a state court action, not even marginally involving the Debtor or the bankruptcy estate, to determine the corporate governance issue including the rightful interest holders of Green Tech. This Court would not have subject matter jurisdiction over an internal corporate governance dispute of a non-debtor.[12]  Then, only if the Smith Parties are successful in that state

---

[10] (Doc. 308).

[11] The Motion was filed on October 11, 2022, and the hearing was held almost a month later, which provided the Smith Parties ample time to file a response to the Motion or further briefing on the matter, if desired. (Doc. 309).

[12] The Smith Parties would likely be unable to file an adversary proceeding against Green Tech here related to the corporate governance issue at the core of their discovery. Such an adversary proceeding only involving non-debtor parties would, in any event, be so attenuated from the matters related to this bankruptcy case that it would not only be improper for the Court to exercise jurisdiction over it, doing so would likely run afoul of certain abstention doctrines considering the pending Saperstein Probate case.

court case, however long that may take, could they perhaps pursue remedies involving the validity of Green Tech's authority to sign the Settlement. Even then, the 'new' Green Tech and/or the Trustee would need to choose to seek to unwind the Settlement. The Smith Parties did not seek and there is no stay pending the appeal of the order approving the Settlement. To unwind it years from now would be difficult and likely impossible.

To further emphasize the point, the Smith Parties, non-debtors, are merely at the stage of 2004 discovery of Green Tech, a non-debtor, hoping to uncover evidence to support their potential dispute with Green Tech, in which the Debtor would not be a party, the result of which may or may not lead to a potential effort to assert Green Tech lacked authority to enter into the Settlement. The discovery simply has no connection to the administration of the estate and fails to meet even the broad standard of Rule 2004.[13]

Additionally, the 2004 discovery would arguably provide Don Smith individually, or the Smith Parties collectively, an unfair strategic advantage in the Saperstein Probate case which the parties acknowledged involved the very corporate governance issue for which the Smith parties now seek such discovery. *See In re Defoor Centre*, 634 B.R. at 640 (denying debtor's request for Rule 2004 discovery of a third party because the discovery appeared "to be an attempt by the Debtor to gain a strategic advantage in private litigation, as opposed to an attempt to discover the

---

[13] The Court finds it odd that the Smith Parties are seeking discovery on this issue now when they failed to raise it long ago in the context of the numerous positions Green Tech has taken in this bankruptcy case, not the least of which was seeking conversion.

preliminary information needed to file an adversary complaint against [the third party]").

Moreover, the Smith Parties failed to make any showing or argument, by response to the Motion or at the November 3 hearing, that good cause exists to allow the discovery, either because it is needed to establish a claim or that denial of it would cause undue hardship or injustice. First, the discovery is clearly not being sought to establish a claim against Green Tech for the benefit of the estate–the only potential destination for the discovery is a state court action by the Smith Parties for their own benefit in contesting Green Tech's governance. To be clear, no arguments were made that any of the discovery sought would uncover any information on Debtor's affairs. *See In re Millennium*, 562 B.R. at 626 ("Potential examinees include third parties that possess knowledge of the debtor's acts, conduct, liabilities or financial condition which relate to the administration of the bankruptcy estate.").

Second, the Smith Parties would not suffer a hardship or be prejudiced by denial of the discovery because they are and for years have been able to pursue such discovery in state court. They can arguably do so in the Saperstein Probate case to the extent that the rules of that forum allow since what they seek to discover here seems to be at the core of Don Smith's litigation there. The Smith Parties, or Don Smith individually, should not be allowed to circumvent the discovery rules of the state court by seeking information in this bankruptcy case apparently related to the Saperstein Probate case through the otherwise broad scope of Rule 2004. In the case that the information sought, and potential resulting claim, is not in fact related to

that already in the purview of the Saperstein Probate case, then the Smith Parties can file an action in the appropriate forum to determine the Green Tech's governance issue and seek appropriate discovery there.

Accordingly, the Court **ORDERS**:

1.      The Motion (Doc. 308) is **GRANTED**.

2.      The subject subpoena is quashed, and Green Tech is not required to comply with the *Notice of Taking Rule 2004 Examination Duces Tecum of Green Tech Development, LLC* (Doc. 288).

###

Copies To:
All parties in interest.